### DELINSKY v. BRODOW.

(Supreme Court, Appellate Term.   November 24, 1908.)

GUARANTY (§ 16*)—CONSIDERATION.

Where plaintiff had already sold and delivered to S. building material for a building owned by S., the consideration as between plaintiff and S. was no consideration for defendant's guaranty of payment of the price, though at the time of the guaranty defendant had bought the building.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 14–17; Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Hyman Delinsky against Alexander Brodow. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

David Freiberger, for appellant.
Phillips & Avery, for respondent.

PER CURIAM. Prior to December 8, 1906, the plaintiff entered into a contract with the copartnership firm of Schlessinger & Fenichel, who were then the owners of a building on the south side of 139th street, 100 feet west of Amsterdam avenue, to deliver builders hardware and supplies at said building for the agreed price of $350, and plaintiff did so deliver the said goods at said building prior to December 8, 1906, but no part of the $350 has ever been paid, although duly demanded. On the said 8th day of December, 1906, defendant wrote and signed the following guaranty, viz.:

"Mr. H. Delinsky—Dear Sir: I hereby guarantee to pay to you the sum of $350.00 for materials furnished to the building ss. 139 St. 100 feet W. of Amsterdam Ave., built by Schlessinger & Fenichel, and which I have purchased from them. This agreement is void in case I do not realize any money from the surplus left after the foreclosure suit and sale of above property. It is further agreed that if I take title for myself or through other party or parties to above property, I agree to pay to said H. Delinsky the above mentioned amount $350.00."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon this guaranty plaintiff recovered a judgment, from which defendant appeals. Upon all disputed questions of fact the Appellate Court will, therefore, accept plaintiff's version as correct. The property in question was sold in an action of foreclosure in the case of Armstein v. Schlessinger et al. The judgment of foreclosure and sale was entered on October 24, 1906, some time previous to the guaranty, but the date of the sale is not given in the record before us in the case at bar. The referee's report of sale, however, was filed on January 7, 1907, and shows a surplus of $6,664.85. The report of the referee in surplus proceedings in the action of Armstein v. Schlessinger et al. was filed on February 7, 1907, and awarded the payment, out of the said sum of $6,664.85, the surplus so realized on the sale in the foreclosure case, of the sum of $4,291.33, to the defendant herein, Alexander Brodow, and on July 23, 1907, the city chamberlain was ordered to pay to said defendant the sum of $3,291.33, his share of the surplus after the deduction of expenses and costs. It therefore is established that the only exception mentioned in the guaranty does not exist, and, if the guaranty itself was a valid obligation, the plaintiff was entitled to recover thereon. Defendant claims that, as the materials in question had already been delivered to Schlessinger & Fenichel at the time this guaranty was made, no consideration was thereby given for the same, and, as there was no forbearance on the part of plaintiff toward defendant or any new consideration shown, the guaranty is without support and invalid. The rule is that where the consideration between a principal and a creditor has passed and become executed before the contract of the surety or guarantor is made, and such contract was no part of the inducement to the creation of the original debt, such consideration is not sufficient to sustain such contract. It appears from the wording of the guaranty that at the time of its execution defendant had bought the building from Schlessinger & Fenichel, but upon the presumably subsequent sale under foreclosure, in the action of Armstein v. Schlessinger et al., defendant did not buy the property, and never took title thereto either in his own name or in the name of any one else. The court below seemed to think that by his admission of ownership at the time of making the guaranty defendant must be held to have guaranteed his own debt, and not the debt of Schlessinger & Fenichel. The goods, however, as we have seen, had already been delivered to Schlessinger & Fenichel, who thereby became chargeable with the debt, and no consideration seems to have been given for the subsequent guaranteeing of the debt by defendant. See Nesbit v. Jenks, 81 App. Div. 140, 80 N. Y. Supp. 1085. The testimony offered on the trial is in many respects obscure and unsatisfactory, and, upon a new trial, more light can be thrown upon the subject, but upon the evidence presented by the record the judgment cannot be sustained.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.